## JAMES PETTIT *v.* JOSEPHINE COOPER *et al.*

1. SUPREME COURT. *Decree. Parties not of record.* Persons not parties to a suit at the rendition of a decree in this court, cannot be heard to make a motion to annul a part of that decree.

2. SUPREME COURT. *Jurisdiction. Decree void. When.* The jurisdiction of the court, so far as it is appellate, is confined to the subject-matter of the record and the parties before the court, and any action of the court, although entered in the form of a decree, which goes outside of the record, or undertakes to bind parties not before it, would be *coram non judice,* and void.

3. SAME. *Decree and written opinion.* A motion to annul a part of a decree as inadvertently entered, cannot be entertained, where the written opinion of the court expressly directs that the part of the decree objected to should be embodied therein.

4. SAME. *Power to reverse, alter or explain a decree.* The Supreme Court cannot adjudge rights acquired under one of its decrees, nor reverse, alter or explain a decree, entered in conformity with its opinion, upon motion.

### MOTION.

Motion to partially annul a decree rendered at a former term. In this case, treated as a bill retained in court for the purpose of administering the estate of Geo. P. Cooper, deceased, an order of reference was made by the chancellor to ascertain and report the amount due Orlando Brown for services as agent of the executrix in managing the estate of the deceased under the will. The widow and children of the deceased, who were also the devisees and legatees under his will, were parties to the suit, as well as the personal representative appointed upon the resignation of

the widow. The master reported the amount due to Brown, and this report was confirmed. The decree concludes thus: "It further appears and is decreed that said balance due said Brown is a proper debt and charge against the estate; and a decree is given said Brown for the said sum of $3402.50, with interest from March 27, 1877, against J. A. Anderson, the administrator de bonis non of Geo. P. Cooper, deceased, to be paid out of the assets of said estate when they shall come into his hands, for which execution may issue as at law." From this decree, Anderson, as administrator, took an appeal to this court.

The cause was transferred to the docket of the Commission Court, and tried in 1879. That court held, in a written opinion, that the suit was virtually a suit for the administration of the estate of Geo. P. Cooper, that the court had jurisdiction to adjudge the claim of Brown, and that the claim was a proper charge on the estate of the deceased. The court further held that the decree below should be modified by charging Brown with the value of certain Confederate money received by him as the property of the estate, and that he should be limited to a recovery against the personal assets then in, or thereafter to come into the hands of administrator Anderson, and against any realty that may remain not partitioned, or specifically set apart to either of the devisees under the will of Cooper, no interest to be allowed either for or against him. A decree was drawn up, in accordance with this opinion, embodying the modification and limitation, the latter in the language of the opin-

ion, and a reference was made to the clerk to ascertain the value of the Confederate money. His report was confirmed by a decree which concludes thus: "It is therefore ordered. adjudged. and decreed that the said Orlando Brown, have and recover of the appellant, J. A. Anderson, administrator *de bonis non cum testamento annexo* of the estate of Geo. P. Cooper, deceased, the said sum of $1801.16, for which execution may issue. to be levied, however, of the goods and chattels, rights and credits of the said Geo. P. Cooper, deceased, in the hands, or which hereafter may come to the hands of the said Anderson to be administered; and the said Brown is hereby restricted, for the satisfaction of the decree,. to such assets, or to such real estate of the said Geo. P. Cooper, as has not been partitioned, or specifically set apart to any of the devisees under the will of the said Geo. P. Cooper, deceased."

The heirs and devisees of Cooper now, April 14, 1882, move the court to set aside and vacate the last clause of the above decree, upon two grounds:

1. That so much of that decree, as well as the corresponding part of the previous decree, was inadvertently rendered.

2. That the court had no jurisdiction to render any decree respecting the realty of said estate, the heirs and devisees not being before the court either as appellants or appellees.

If it be true that the heirs and devisees of Geo. P. Cooper were not before the court at the rendition of these decrees. it is very clear that they are not now

before the court, and cannot be heard to make any motion in the cause. The jurisdiction of this court is appellate only, and confined to the subject-matters of the record brought up from the inferior court, and the parties before the court by the appellate proceedings. Any action of the court, although entered on the minutes in the form of a decree, which goes outside of the record, or undertakes to bind parties not before it, would be simply void: *Easley* v. *Tarkington*, 5. Baxt., 592.

If, however, the heirs and devisees were before the court, by reason of the fact that the claim of Brown was declared by the chancellor "to be a proper debt and charge against the estate," and that the appeal was by the general representative of the estate, and could now be heard to make this motion, it is impossible, upon the record, to say that the part of the decree in question was inadvertently rendered. It is in strict compliance not only with the conclusion announced in the opinion of the Commission Court, but was specially directed by that opinion to be embodied in the decree. It may be erroneous, or even void, but it cannot be said to be inadvertent: *State* v. *Disney*, 5 Sneed, 598; *Russell* v. *Colyar*, 4 Heis., 154.

It is suggested in the argument accompanying the motion, that Brown has obtained from the clerk of this court an execution on that part of the decree, and sold under it the remainder interest of the heirs and devisees in land allotted to the testator's widow in dower, she having dissented from the will. And

the object of the motion is, perhaps, to obtain an expression of opinion by this court as to the propriety or legality of that proceeding. But we cannot act upon matter outside .of the record nor adjudge rights acquired under a decree upon motion. And Lord Bacon's ordinance is that " no decree shall be reversed, altered or explained," but upon bill of review.

Motion disallowed.